UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PHENIDE JOSEPH and GEORGE JOSEPH

Plaintiffs,

v.

OCWEN FINANCIAL CORPORATION; OCWEN
LOAN SERVICING, LLC; and JOHN DOE #1
through JOHN DOE #10, representing any and all
owners, trustees, officers, affiliates, individuals,
supervising agencies, and corporations, having or
claiming an interest in this present controversy,

Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

18-CV-4971 (LDH) (LB)

LASHANN DEARCY HALL, United States District Judge:

Phenide and George Joseph ("Plaintiffs"), proceeding pro se, filed this action against

Ocwen Financial Corporation ("OFC"), Ocwen Loan Servicing, LLC ("OLS"), and John Does

Nos. 1-10 (collectively, "Defendants") under the Real Estate Settlement Procedures Act and the

Fair Debt Collection Practices Act.

## BACKGROUND

Plaintiffs filed the instant action on August 31, 2018, (Compl., ECF No. 1) and filed a

first amended complaint on April 4, 2019 (First Am. Compl., ECF No. 19), which Defendants

moved to dismiss on June 20, 2019 (Mot. to Dismiss, ECF No. 25.).  Without leave from the

Court, Plaintiffs filed a second amended complaint on July 19, 2019.  (Sec. Am. Compl., ECF

No. 23.)  On March 30, 2020, the Court issued a Memorandum and Order (the "Order"), granting

Defendants' motion to dismiss the first amended complaint.  (ECF No. 30.)  In the Order, the

Court construed Plaintiffs' filing of an amended complaint on July 19, 2019, as a request for

leave to amend and granted Plaintiffs the amendment.  (Order at 10 n.4.)  The Court, however,

found that the second amended complaint did not cure the deficiencies identified in the Order

and directed Plaintiffs to show cause within 60 days as to why the second amended complaint should not be dismissed for the reasons identified in the Order. (*Id.*)

On April 27, 2020, Plaintiffs filed a motion to reconsider the Order, which the Court denied as untimely under Local Rule 6.3. (ECF No. 31.) However, because of Plaintiffs' pro se status, by order dated May 6, 2020, the Court construed Plaintiffs' April 27, 2020 filing as a response to the Court's March 30, 2020 order to show cause. Plaintiffs subsequently filed another memorandum on May 29, 2020, in response to the Court's order to show cause.[1] (Pls.' Mem. Resp. Order Show Cause ("Pls.' Mem."), ECF No. 36). The Court considers both submissions in tandem.

## DISCUSSION

Plaintiffs' factual allegations were recounted in detail in the Court's Order and have not changed in any material respect in their second amended complaint. (Order at 1–4.) The Court will not reproduce them in full here. With respect to Plaintiffs' claims under the Real Estate Settlement Procedures Act ("RESPA"), the Court previously determined Plaintiffs' claims arising out of letters sent prior to August 2015 were untimely, that Plaintiffs failed to allege a RESPA violation with respect to their claims arising from their April 12, 2018 letter, and that Plaintiffs failed to allege damages as required under RESPA. (*See generally* Order.) The Court further found Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim failed because Plaintiffs did not allege that Defendants began servicing Plaintiffs' loan after the loan was in

---

[1] Defendants moved to strike Plaintiffs' May 29, 2020 memorandum, arguing that it is a "reply" filed without leave from the Court. (Defs.' Ltr, ECF No. 37.) In response, Plaintiffs state that they did not receive the Court's May 6, 2020 order construing Plaintiffs' April 27, 2020 filing as a response to the Court's order to show cause. (Pls. Ltr., ECF. 38.) It has come to the Court's attention that a copy of the May 6, 2020 order was not mailed to Plaintiffs. Further, Plaintiffs timely filed the May 29, 2020 memorandum within 60 days of the Court's order to show cause. Defendants' motion to strike the May 29, 2020 filing is denied.

2

default.  The Court finds that Plaintiffs have failed to identify cause for why their second amended complaint does not fail for the same reasons.  As discussed below, dismissal of the second amended complaint is appropriate.

## I.    Plaintiffs' RESPA Claim

### A.    Letters Pre-Dating April 2018

Plaintiffs concede that any claims based on letters sent to Defendants before August 31, 2015, are time barred.  (Pls.' Mem. ¶ 11.)  Indeed, Plaintiffs state that their "letter dated April 2018 is the sole reason for their claim against Defendants" and that "such a fact is clear and undisputed."  (*Id.* ¶ 9.)  Accordingly, as the Court previously found, any claim based on a letter that pre-dates August 31, 2015 is dismissed.

### B.    April 12, 2018 Letter[2]

With respect to Plaintiffs' April 12, 2018 letter, the Court found that the letter constitutes a "qualified written request"[3] ("QWR") under RESPA warranting a response by Defendant OLS—Plaintiffs' loan service provider (Sec. Am. Compl. ¶ 1)— but that Plaintiffs' allegations were insufficient to state a claim under RESPA for two independent reasons: (1) Plaintiffs failed to allege a RESPA violation with respect to Defendant OLS's response to the April 12, 2018 letter; and, (2) Plaintiffs failed to allege damages resulting from Defendant OLS's alleged failure

---

[2] The April 12, 2018 letter, and Defendant OLS's June 13, 2018 response, have been incorporated into the second amended complaint by reference. (*See, e.g.*, Sec. Am. Compl., Exs. 7, 8.)  "It is well established that '[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered.'"  *Beauvoir v. Israel*, 794 F.3d 244, 248 n.4 (2d Cir. 2015) (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).

[3] A qualified written request ("QWR") is defined as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that – (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

to comply with RESPA.  (Order at 7–8.)  Those reasons apply with equal force to the second amended complaint.

*First*, Plaintiffs have not alleged a violation of RESPA, which imposes a timeframe for mortgage servicers to respond to inquiries and requires that a loan servicer "must either take action with respect to the inquiry or provide an explanation for why it is not required to or cannot take such action" in that time.  *Reinhart v. CitiMortgage, Inc.*, 677 F. App'x 17, 18 (2d Cir. 2017); *see also* 12 U.S.C.A. § 2605(e)(2)(C) (servicer may adequately respond to a QWR by providing a written response that includes "an explanation of why the information requested is unavailable" and the contact information for "the servicer who can provide assistance to the borrower").  Rather, Plaintiffs acknowledge that they are "not, in any way, stating that the Defendant did not fulfill its obligation [to respond to the QWR] since it claimed to have made an investigation on Plaintiffs' claim and determined that no error exists[.]" (Sec. Am. Compl. ¶ 27.) In other words, Plaintiffs concede that Defendants provided a written explanation responding to the April 12, 2018 letter.  By letter dated June 13, 2018, Defendant OLS responded to Plaintiffs April 12, 2018 letter indicating, inter alia, that Defendant OLS was servicing Plaintiffs' loan on behalf of a trust, did not have information related to the servicing transfer of Plaintiffs' loan, and could not respond to inquiries related to occurrences prior to the date on which it began servicing Plaintiffs' account.  (*Id.*, Ex. 8 ("June 2018 Response")).  The response further included contact information for the trustee on behalf of whom Defendant OLS was servicing the account as well as a statement of the amount Plaintiffs owed as of June 13, 2018.  (*Id.*)  Plaintiffs identify no issue with the adequacy of Defendant OLS's written explanation regarding why Defendant OLS did not have information concerning the account from 1997 and why, on that basis, Defendant

4

OLS could not respond in substance to Plaintiffs' comments regarding the alleged 1997 loan modification.

And, as Plaintiffs acknowledge, their RESPA claim is premised on Defendant OLS's alleged failure to correct Plaintiffs' loan account and to conduct a "reasonable investigation" of the alleged issues identified in the April 2018 letter, not with any alleged deficiency in Defendant OLS's written response. (*See* Pls.' Mem. ¶¶ 22–24 (Defendants "did not reasonably conduct an investigation" in response to the letter; Defendants "should have appropriately corrected Plaintiffs' loan account.").) The Court made clear in the Order that these contentions are not actionable under the RESPA. (Order at 7 (citing *Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, No. 08-CV-019, 2009 WL 1748743, at *8–9 (N.D.N.Y. June 19, 2009), *aff'd*, 421 F. App'x 97 (2d Cir. 2011)); *see also Ciccone v. Flagstar Bank, FSB*, No. 15-CV-6809, 2017 WL 10456859, at *9 (E.D.N.Y. Jan. 9, 2017) ("[U]nadorned statement[s]" that Defendants did not conduct an in-depth investigation "provide[] no basis to infer that [Defendants] responded to a QWR in a manner that ran afoul of [the RESPA]").[4] Plaintiffs' RESPA claim is thus dismissed for the reasons identified in the Order.

*Second*, even assuming an otherwise properly pleaded RESPA claim, Plaintiffs still fail to allege a causal link between their damages and a RESPA violation. "To recover actual damages, plaintiff 'must allege that the damages were proximately caused by the defendant's violation of RESPA.'" *Ehrenfeld v. Wells Fargo, N.A.*, No. 19-cv-2314, 2019 WL 4933631, at *5 (E.D.N.Y. Oct. 6, 2019) (citation omitted). This Court previously found Plaintiffs' RESPA claims to be insufficient because Plaintiffs failed to allege any damages resulting from Defendants' alleged

---

[4] Plaintiffs' reliance on *Renfroe v. Nationstart Mortg., LLC*, 822 F.3d 1241 (11th Cir. 2016), is misplaced. In *Renfroe*, the defendant conceded that its response to plaintiff's QWR provided no explanation for its determination with respect to her mortgage. *Id.* at 1245. That is not the case here.

failure to comply with the RESPA.  (Order at 7–8.)  In their second amended complaint, Plaintiffs allege only that they had to pay an additional $132,149.76 in mortgage payments because Defendants did not "[make] all necessary corrections to Plaintiffs' loan." (Sec. Am. Compl. ¶ 19, 31; *see id.* ¶¶ 19, 36; Pls.' Mem. ¶¶ 25–34.)  However, those allegations do not provide a causal link between those mortgage payments and a purported violation of the RESPA. In other words, Plaintiffs' barebones allegations are insufficient to withstand Defendant's motion to dismiss.  *See, e.g.*, *In re Griffin*, No. 10-22431, 2010 WL 3928610, at *4 (Bankr. S.D.N.Y. Aug. 31, 2010) ("[S]imply saying that, for example, the servicer's failure to respond to a QWR caused damages without specifying how those damages were caused," is not enough to survive a motion to dismiss.)  Plaintiffs' claims under the RESPA fail.

## II.     Plaintiffs' FDCPA Claims

Finally, the Court dismissed Plaintiffs' claims under the FDCPA because Plaintiffs did not allege that Defendant OLS began servicing Plaintiffs' loan after the loan was in default. (Order at 9.)  This is a requisite showing to establish that a party is a "debt collector" and therefore subject to the FDCPA, versus a creditor, which is not subject to the statute.  (*Id.* at 8 (citing *Quarashi v. Ocwen Loan Servicing, LLC*, 760 F. App'x 66, 68 (2d Cir. 2019).)  Here, Plaintiffs' allegations demonstrate that Defendant OLS was servicing Plaintiffs' loan as of 2006. (Sec. Am. Compl. ¶ 1(B)).  A review of the August 7, 2018 letter attached and incorporated by reference to the second amended complaint shows that Plaintiff Phenide Joseph received a letter from Defendant OLS indicating that she may be at risk of foreclosure and that she had been in default for only 37 days prior to August 7, 2018.  (Sec. Am. Compl., Ex. 10).  Thus, it is clear that Defendant OLS began servicing Plaintiffs' loan before the loan was in default and did not qualify as a "debt collector" under the FDCPA.  *See Roth v. CitiMortgage Inc.*, 756 F.3d 178,

183 ("[T]he amended complaint does not allege that [defendant] acquired [plaintiff's] debt after it was in default and so fails to plausibly allege that [defendant] qualifies as a debt collector under FDCPA.") (citing 15 U.S.C. § 1692a(6)(F)(iii)).  Plaintiffs' FDCPA claims are thus dismissed for the reasons identified in the Court's Order.

## CONCLUSION

For the foregoing reasons, Plaintiffs having failed to show cause why the second amended complaint does not fail for the same reasons identified in the Order, the second amended complaint is dismissed in its entirety.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       April 11, 2022

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

7